IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 29 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. __**05-CV-1431-OES**__

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

MOHAMMED SALEH,

    Applicant,

v.

R. WILEY, ADX Warden, P.O. Box 8500, Florence, CO 81226,

    Respondent.

---

ORDER DIRECTING CLERK OF COMMENCE CIVIL ACTION AND
DIRECTING APPLICANT TO CURE DEFICIENCIES

---

Applicant Mohammed Saleh is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He has submitted *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The court has determined that the documents are deficient as described in this order. Notwithstanding the deficiencies, the clerk of the court will be directed to commence a civil action. Mr. Saleh will be directed to cure the following if he wishes to pursue his claims. Any papers which Mr. Saleh files in response to this order must include the civil action number on this order.

The court has reviewed the habeas corpus application filed in this action and

finds that Mr. Saleh is asserting civil rights claims rather than habeas corpus claims. Mr. Saleh complains that the defendants have violated his procedural due process rights in connection with a disciplinary hearing. He does not allege that he lost credits for good-conduct time. He does not challenge the execution of his sentence.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971). **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991).

The court will construe the pleading filed in this action liberally as asserting civil rights claims pursuant to **Bivens**. The clerk of the court will be directed to mail to Mr. Saleh the appropriate form for filing a Prisoner Complaint. Mr. Saleh will be ordered to complete this form and submit it to the court if he wishes to pursue his claims. Mr. Saleh should name as defendants the individuals who allegedly have violated his rights.

Because the court has determined that his action properly is construed as a **Bivens** action, Mr. Saleh is required to pay the $250.00 filing fee. **See** 28 U.S.C. § 1914(a). Alternatively, he may submit a properly completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 if he is unable to pay the entire filing fee at this time. If leave to proceed pursuant to § 1915 is granted, Mr. Saleh will be allowed to pay the balance of the filing fee in installments. **See** 28 U.S.C. § 1915(b). The clerk of the court will be directed to mail to Mr. Saleh the appropriate

form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Accordingly, it is

ORDERED that the clerk of the court commence a civil action in this matter. It is

FURTHER ORDERED that Mr. Saleh cure the deficiencies designated above by filing a Prisoner Complaint and either by paying the $250.00 filing fee or by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 **within thirty (30) days from the date of this order**. Any papers that Mr. Saleh files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Saleh, together with a copy of this order, two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if within the time allowed Mr. Saleh fails to cure the designated deficiencies, the action will be dismissed without prejudice and without further notice.

DATED at Denver, Colorado, this 28th day of July, 2005.

BY THE COURT:

*Boyd N. Boland*
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. **05-CV-1431**

Mohammed Saleh
Reg. No. 34853-054
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Motion Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint** to the above-named individuals on ⎯7-29-05⎯

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk